

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00224-CR
### NO. 02-13-00225-CR

DYLAN THOMAS HALE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NOS. 1308663D, 1308664D

----------

## MEMORANDUM OPINION[1]

----------

In appellate cause number 02-13-00225-CR, Appellant Dylan Thomas

Hale pled guilty to unlawful possession of a firearm.[2]  In appellate cause number

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 46.04(a) (West 2011).

02-13-00224-CR, Appellant also pled guilty, pursuant to a charge bargain, to possessing with intent to deliver four or more but less than 200 grams of a controlled substance, methamphetamine.[3] In exchange for that plea, the State waived an enhancement paragraph that would have elevated the minimum confinement available to Appellant from five years to fifteen years.[4] The jury convicted Appellant of both offenses and assessed his punishment at ten and twenty years' confinement respectively. The trial court sentenced him accordingly, ordering that he serve the sentences concurrently.

Because the trial court counseled Appellant that he had the right of appeal and because the certification of his right of appeal indicates that he has the right of appeal, we conclude that the trial court gave Appellant permission to appeal the delivery offense that was the subject of the charge bargain.[5] Because Appellant entered an open plea of guilty to unlawful possession of a firearm, our

---

[3] *See* Tex. Health & Safety Code Ann. §§ 481.102(6), .112(d) (West 2010).

[4] *See* Tex. Penal Code Ann. § 12.32 (West 2011), § 12.42(c)(1) (West Supp. 2013); *Hargraves v. State*, Nos. 01-13-00194-CR, 01-13-00195-CR, 01-13-00196-CR, 2013 WL 1932139, at *1 (Tex. App.—Houston [1st Dist.] May 9, 2013, no pet.) (mem. op., not designated for publication); *Brooks v. State*, No. 02-12-00196-CR, 2012 WL 2036473, at *1–2 (Tex. App.—Fort Worth June 7, 2012, no pet.) (mem. op., not designated for publication); *see also Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003).

[5] *See* Tex. R. App. P. 25.2(d); *Aguirre v. State*, No. 02-12-00509-CR, 2013 WL 6046121, at *1 n.2 (Tex. App.—Fort Worth Nov. 14, 2013, no pet.) (mem. op., not designated for publication); *Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-CR, 2012 WL 2036449, at *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (mem. op., not designated for publication).

independent review for potential error in that case is limited to potential jurisdictional defects, the voluntariness of the plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.[6]

In each case, Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, each appeal is frivolous. Counsel's brief and motion in each case meet the requirements of *Anders v. California*[7] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although this court gave Appellant the opportunity to exercise his right to review the appellate record in each case and file a pro se response to the *Anders* brief, he did not avail himself of that opportunity. The State likewise did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this

---

[6]*See Monreal v. State*, 99 S.W.3d 615, 619–20 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

[7]386 U.S. 738, 87 S. Ct. 1396 (1967).

court is obligated to undertake an independent examination of the record.[8] Only then may we grant counsel's motion to withdraw.[9]

We have carefully reviewed counsel's brief and the record in each case. We agree with counsel that these appeals are wholly frivolous and without merit; we find nothing in the records that arguably might support these appeals.[10]

Accordingly, we grant counsel's motions to withdraw and affirm the trial court's judgments.

PER CURIAM

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 10, 2014

---

[8] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[9] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[10] *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).